1  ZENIA K. GILG, SBN 171922
   809 Montgomery Street, 2nd Floor
2  San Francisco CA 94133
   Telephone: 415/394-3800
3  Facsimile: 415/394-3806
   zenia@jacksonsquarelaw.com
4
   Attorney for Defendant
5  BRIAN JUSTIN PICKARD

6

7

8
                        UNITED STATES DISTRICT COURT
9
                       EASTERN DISTRICT OF CALIFORNIA
10

11
   UNITED STATES OF AMERICA,            2:11-CR-00449-KJM
12
              Plaintiff,
13
                                        DEFENDANT BRIAN PICKARD'S
                                        NOTICE OF MOTION AND MOTION TO
14      v.                              DISMISS INDICTMENT AS VIOLATIVE
                                        OF THE UNITED STATES
15                                      CONSTITUTION (AMENDMENT V,
   BRYAN R. SCHWEDER,                   AND ARTICLE VI/AMENDMENT X),
16 BRIAN JUSTIN PICKARD,                AND REQUEST FOR EVIDENTIARY
   JUAN MADRIGAL OLIVERA,               HEARING
17 MANUAL MADRIGAL OLIVERA,
   FRED W. HOLMES, III,                 [Excludable Time: 18 U.S.C. §
18 EFREN RODRIGUEZ,                     3161(h)(1)(D) through disposition]
   PAUL BRUCE ROCKWELL,
19 HOMERO LOPEZ-BARRON                  Date:  January 22, 2014
   VICTORINO BETANCOURT-MERAZ,          Time:  9:00 a.m.
20 OSEAS CARDENAS-TOLENTINO,            Judge: Hon. Kimberly J. Mueller
   FERNANDO REYES-MOJICA,
21 JUAN CISNEROS-VARGAS,
   LEONARDO TAPIA,
22 FILBERTO ESPINOZA-TAPIA
   OSIEL VALENCIA-ALVAREZ
23
              Defendants.
24
                                     /
25
   TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO THE UNITED STATES
26 ATTORNEY FOR THE EASTERN DISTRICT OF CALIFORNIA:

27      PLEASE TAKE NOTICE that on the date and at the time indicated above, or as soon

28 thereafter as the matter may be heard, before the Honorable United States District Court Judge

---
Defendant Brian Pickard's Notice of Motion and Motion to Dismiss Indictment as Violative of the U.S. Constitution

Kimberly J. Mueller, Defendant, BRIAN JUSTIN PICKARD, by and through counsel, will and hereby does move this Court to dismiss the Indictment upon a finding that the United States Constitution renders *21 U.S.C. Section 812, Schedule 1( c) (10)* and *(17)* unenforceable, and therefore, may not form the basis for a prosecution under *21 U.S.C. Sections 846, 841(a)(1)*.

Specifically, the defense asserts:

1. The challenged statute violates defendant's right to Equal Protection as guaranteed by the Constitution's Fifth Amendment.

    A.    The scientific studies on the use of cannabis demands a finding that the scheduling of marijuana is overinclusive when viewed in light of the factors enumerated in *21 U.S.C. § 812*, and further that when compared to other substances which are legally distributed in the open market cannabis is proven to be far less harmful, and thus its continued prohibition serves no Government interest. The inclusion, therefore, of marijuana and THC in Schedule I of the Controlled Substances Act is based on an arbitrary classification in violation of Equal Protection Clause of the Fifth Amendment. United States v. Carolene Prods. Co., 304 U.S. 144 (1938).

    B.    The policy statement presented in the Memorandum to U.S. Attorneys from Deputy Attorney General James Cole, issued on August 29, 2013, by Attorney General Eric Holder has resulted in a discriminatory application of federal law, in that it protects similarly situated individuals from criminal sanctions for actions identical to that alleged to have been conducted by the defendant, and thereby violates the Equal Protection Clause. Oyler v. Boles, 368 U.S. 448 (1962).

2. The Government's prosecution policy announced on August 29, 2013, as it relates to marijuana and THC violates the doctrine of Equal Sovereignty by adopting a scheme which allows for the distribution of marijuana in States where it has been decriminalized for medical or recreational use, while exposing those in other states to serious criminal sanctions. A federal law's disparate geographic application requires the current burdens of disparate treatment between the states be justified by current needs, and the imposition on the equal sovereignty is

limited to remedy present-day "local evils." Further, an imposition upon the sovereignty of the States must be applied strictly as an "extraordinary measure" that should only be applied to remedy an "extraordinary problem." The defense contends that the Government will be unable to justify this disparate geographic coverage. Accordingly, the statute which criminalizes the distribution of marijuana and THC must be found to violate Article VI and the Tenth Amendment of the United States Constitution.  <u>Shelby County (Alabama) v. Holder</u>, __ U.S.__, 133 S.Ct. 2612, 2623 (2013)

Defendant request this Court hold an evidentiary hearing at which the testimony and evidence proffered in this motion will be presented in support of the constitutional challenges herein articulated.

This motion is based on this notice, the Memorandum of Points and Authorities and Declarations and Exhibits filed herewith, on such supplemental points and authorities as may be hereafter filed with this Court, on the records and files in this action, and on such oral and documentary evidence as may be presented at the hearing on this matter.

Dated:  November 20, 2013

<u>/s/ Zenia K. Gilg</u>
ZENIA K. GILG
Attorney for Defendant
BRIAN JUSTIN PICKARD
